1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14

BEKAERT PROGRESSIVE
COMPOSITES CORPORATION, a
Georgia corporation,

                                    Plaintiff,

        vs.

15
16
17

WAVE CYBER LIMITED, a British Virgin
Island corporation, WAVE CYBER
(SHANGHAI), a Chinese corporation,
and TIMOTHY HEBERER, an individual,

                                    Defendants.

CASE NO. 06cv2440-LAB (LSP)

**ORDER DENYING MOTION TO
DISMISS FOURTH CAUSE OF
ACTION**

[Dkt No. 7]

18
19
20
21
22
23
24
25

        This trademark infringement matter is before the court on defendant Timothy

Heberer's ("Heberer") Motion To Dismiss Fourth Cause of Action ("Motion") alleging unfair

competition and false advertising under the statutory and common law of California, on

grounds those claims are purportedly preempted by the federal Copyright Act.  Plaintiff

Bekaert Progressive Composites Corporation ("Bekaert") filed Opposition, and Heberer filed

a Reply.  Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues appropriate for

decision on the papers and without oral argument.  For the reasons discussed below, the

Motion is **DENIED**.

26
27
28

        Bekaert, a developer, manufacturer, and seller of pressure filtration vessels used to

purify and desalinate water, sues two foreign corporations and Heberer in this action alleging

six causes of action arising out of alleged copying of Bekaert's unique vessel design and

copyrighted written material it uses on the vessels' end cap nameplate.[1]  Heberer is alleged to be a corporate officer of one or both of the named corporate defendants with an ownership interest in one or both.  No defendant has yet answered the Complaint.  Heberer, on his own behalf, moves to dismiss "that portion of the plaintiff's fourth claim for state law unfair competition which alleges the unlawful copying and use of copyrightable materials."  Reply 1:17-18.  He contends "part of the plaintiff's state law unfair competition claim merely alleges that the defendant supposedly copied the plaintiff's copyrightable materials, and thus is based on the very same conduct underlying the copyright infringement claim," and is "therefore preempted as a matter of law, and should be dismissed without leave to amend, since it doesn't qualitatively change the nature of the action."  Mot. 1:20-25.  There is no dispute the federal Copyright Act is implicated by Bekaert's claims, and the Complaint alleges a separate cause of action for copyright infringement.

    In support of his Motion, Heberer relies on Summit Machine Tool Mfg. Corp. v. Victor CNC Systems, 7 F.3d 1434 (9th Cir. 1993) and Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1212-13 (9th Cir. 1998).  In Summit, the plaintiff alleged false designation of origin under the Lanham Act, unfair competition under California statutory and common law, intentional interference with contract, and intentional interference with prospective economic advantage.  The Summit court reviewed and affirmed a judgment in favor of defendant following a bench trial at which, in pertinent part, the court held that to the extent plaintiff sought to protect its lathe designs, its unfair competition claims were preempted by federal patent and copyright laws.[2]  In Kodadek, plaintiff sued to protect his drawings.  On review

---

[1]  The six causes of action are:  (1) false designation of origin and trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a); (2) copyright infringement; (3) trade dress infringement under the common and statutory laws of California; (4) unfair competition and false advertising under the common law and statutory laws of California; (5) civil conspiracy; and (6) action to hold a corporate director or officer personally liable for a corporation's wrongful conduct.

[2]  "Summit concedes that any attempt to protect its design from being copied, duplicated, or reproduced is preempted by federal law," although Summit argued on appeal that it was not seeking to prevent defendant from copying its idea, but rather to prevent the direct appropriation of the lathe itself.  On that basis, Summit unsuccessfully contended its misappropriation claim was not preempted by federal law.  Summit, 7 F.3d at 1439.  The reviewing court parsed the unfair competition and misappropriation elements of the claim to conclude that to the extent Summit was claiming reverse palming off, the state unfair competition claim was preempted, as was the claimed

1    of summary judgment in favor of the defendant on the unfair competition claim under CAL.

2    BUS. & PROF. CODE §§ 17200, *et seq.*, the <u>Kodadek</u> court found preemption because the

3    plaintiff expressly based his unfair competition claim solely on rights equivalent to those

4    protected by the federal copyright laws.

5                A state law cause of action is preempted by the Copyright
          Act if two elements are present.  First, the rights that a plaintiff
6         asserts under state law must be "rights that are equivalent" to
          those protected by the Copyright Act.  17 U.S.C. § 301(a) . . .
7         Second, the work involved must fall within the "subject matter"
          of the copyright Act as set forth in 17 U.S.C. §§ 102 and 103.
8
     <u>Kodadek</u>, 152 F.3d at 1212 (citation omitted).
9
                Preemption analysis involves determining whether the
10        state law claim contains an element not shared by the federal
          law; an element which changes the nature of the action "so that
11        it is qualitatively different from a copyright [or patent]
          infringement claim." <u>Balboa Ins. Co. v. Trans Global Equities</u>,
12        218 Cal.App.3d 1327, 1340, 267 Cal.Rptr. 787 (1990); <u>Del
          Madera Properties v. Rhodes & Gardner, Inc.</u>, 820 F.2d 973,
13        977 (9th Cir.1987) [overruled on other grounds]. Therefore, if
          copying the lathe or the plans for the lathe in itself infringes the
14        state-created right, then the state-created right is preempted.
          <u>Balboa</u>, 218 Cal.App.3d at 1339-40, 267 Cal.Rptr. 787. Thus,
15        "preemption law ... requires analysis of each theory [of unfair
          competition] to determine whether it contains the necessary
16        qualitatively different extra element distinguishing it from
          copyright [or patent] protection." <u>Id.</u> at 1342, 267 Cal.Rptr. 787;
17        see also <u>Del Madera</u>, 820 F.2d at 977.

18   <u>Summit</u>, 7 F.3d at 1439-40; *see* <u>Del Madera</u>, 820 F.2d at 977 (a claim will survive

19   preemption if "the state cause of action [protects] rights which are qualitatively different from

20   copyright rights. . . . The state claim must have an 'extra element' which changes the nature

21   of the action").

22        California's unfair competition law implicates a "broad range of claims" (<u>Balboa</u>, 218

23   Cal.App.3d at 1341), "explicitly extends to any 'unlawful, unfair or deceptive business

24   practice,' " and " 'the Legislature, in our view, intended by this sweeping language to permit

25   tribunals to enjoin on-going wrongful business conduct in whatever context such activity

26   _____

27   "pirating" through alleged employment of a particularly unfair method of copying.  The court found,
     however, that Summit pled the "extra element" of intentional interference of contract, so that claim
28   was not preempted despite the underlying contention defendant appropriated lathes to which Summit
     had the exclusive right.  <u>Id.</u> at 1442.

                                      - 3 -                              06cv2440

might occur. . . .' " <u>Summit</u>, 7 F.3d at 1440 n.3, *quoting* <u>Barquis v. Merchant's Collection</u> <u>Ass'n</u>, 7 Cal.3d 94, 111 (1972). "The myriad branches of California's unfair competition law involve different elements and raise different issues." <u>Summit</u>, 7 F.3d at 1440 ("the breadth and analytical vagueness of [California's] unfair competition law complicates the preemption analysis greatly"), *quoting* <u>Balboa</u>, 218 Cal.App.3d at 1341.    Preemption analysis, accordingly, requires the court to "precisely identify the nature of [plaintiff's] claims." <u>Id.</u>

Bekaert argues no portion of its Count IV claim is preempted by the Copyright Act, identifying three elements it has pled in that claim which cannot be asserted under the Copyright Act:  "(1) misappropriation of goodwill; (2) misrepresentation via imitation for purposes of diverting business; and (3) misrepresentation via false and misleading advertising." Opp. 3:15-20. Moreover, Bekaert argues Heberer "ignores that Count IV is not based on the nameplate alone, but also the trade dress which includes the nameplate." Opp. 4:3-4.

> Misappropriation is one branch of California's unfair competition law. . . . California's common law tort of misappropriation has three elements: "(1) the plaintiff has invested substantial time and money in development of its ... 'property'; (2) the defendant has appropriated the [property] at little or no cost; and (3) the plaintiff has been injured by the defendant's conduct." Self Directed, 908 F.2d at 467 (quoting Balboa, 218 Cal.App.3d at 1342, 267 Cal.Rptr. 787).

<u>Summit</u>, 7 F.3d at 1441, *citing* <u>Balboa</u>, 218 Cal.App.3d at 1342, *and quoting* <u>Self Directed</u> <u>Placement Corp. v. Control Data Corp.</u>, 908 F.2d 462, 467 (9th Cir. 1990).

Bekaert distinguishes <u>Summit</u> on grounds its Count IV "does not merely allege misappropriation of the time and effort in developing Bekaert's trade dress and nameplate, but rather alleges the misappropriation of the goodwill associated with the trade dress and nameplate." Opp. 6:12-14. Bekaert distinguishes <u>Kodadek</u> on grounds that plaintiff "did not plead a claim based upon misrepresentation of goodwill, deliberate imitation to divert business resulting in unjust enrichment, and false advertising," as Bekaert pleads in its Count IV, but rather alleged conduct not qualitatively different from a copyright claim: defendants "have been publishing and placing on the market for sale products bearing the

1    images subject to the copyright ownership of the plaintiff and has thereby been engaging in

2    unfair trade practices and unfair competition against plaintiffs [*sic*] and to plaintiffs' [*sic*]

3    irreparable damage." Opp. 6:15-26, *quoting* <u>Kodadek</u>, 152 F.3d at 1212.

4       Heberer relies on the "incorporation by reference" of all preceding paragraphs in the

5    first paragraph of Count IV ( Compl. ¶ 58) as the foundation for his preemption argument.

6    Reply 1:18-21.   To the extent he also contends the other allegations of that cause of action

7    (*e.g.*, misappropriation of good will, misrepresentation by imitation to divert business) are

8    insufficient to supply "extra elements" beyond the rights asserted that are equivalent to those

9    protected by the Copyright Act, his own cited authority defeats his argument because the

10    misappropriation and misrepresentation allegations in that cause of action are adequate to

11    avoid preemption.  *See* <u>Summit</u>, 7 F.3d 1434; <u>Kodadek</u>, 152 F.3d 1209; *see also* <u>Valente-</u>

12    <u>Kritzer Video v. Pinckney</u>, 881 F.2d 772, 776 (9th Cir. 1989)1976) (reversing a district court's

13    finding on summary judgment that plaintiff's fraud claim was substantially equivalent to the

14    rights afforded owners and exclusive licensees of copyrighted works under the Copyright Act

15    and was therefore preempted, concluding an allegation of misrepresentation distinguished

16    the state law claim from a claim based on copyright).  Heberer has not convinced the court

17    dismissal of the Fourth Cause of Action or any part on preemption grounds is warranted.

18       The court finds the state law unfair competition allegations meet the requirement of

19    pleading elements of wrongdoing in addition to and qualitatively different from the elements

20    of a Copyright Act claim, irrespective of any overlap with the elements of a Copyright Act

21    claim, so that Count IV is not on its face preempted.  Accordingly, **IT IS HEREBY ORDERED**

22    the Motion is **<u>DENIED</u>**.

23       **IT IS SO ORDERED**.

24    DATED:  April 5, 2007

25

26                    **HONORABLE LARRY ALAN BURNS**
                   United States District Judge

27

28

              06cv2440