# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEKAERT PROGRESSIVE COMPOSITES CORPORATION, a Georgia corporation,<br><br>                           Plaintiff,<br>vs.<br><br>WAVE CYBER LIMITED, a British Virgin Island corporation, WAVE CYBER (SHANGHAI), a Chinese corporation, and TIMOTHY HEBERER, an individual,<br><br>                           Defendants. | CASE NO. 06cv2440-LAB (LSP)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNSERVED DEFENDANTS**<br><br>[Dkt No. 18] |

This matter is before the court on the motion of defendant Timothy Heberer ("Heberer") to dismiss two corporate co-defendants plaintiff Bekaert Progressive Composites Corporation ("Bekaert") has not yet served in this trademark infringement action ("Motion"). Bekaert has filed Opposition, and Heberer filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented appropriate for decision on the papers, without oral argument. For the reasons discussed below, the Motion is **DENIED**.

Bekaert filed its Complaint on November 3, 2006, naming as defendants Heberer, Wave Cyber Limited, believed to be a British Virgin Islands corporation, and Wave Cyber (Shanghai), believed to be a Chinese corporation. Plaintiff served Heberer, who filed an Answer on April 19, 2007, after his intervening Motion To Dismiss the Fourth Cause of Action for California law unfair competition was denied. Heberer now moves to dismiss the two corporate defendants for plaintiff's failure to meet the FED. R. CIV. P. ("Rule") 4(m) 120-day

service requirement. Alternatively, Heberer argues "even if Rule 4(m)'s time limit didn't apply to foreign service on corporations, the complaint should still be dismissed as against the two unserved defendants for want of prosecution under Rule 41."  Mot. 3:11-13.

Bekaert opposes the Motion on grounds Heberer has no standing to pursue a motion to dismiss the other defendants.  Bekaert also asserts the Rule 4(m) 120-day time does not apply to service of process in a foreign country.  Bekaert argues the "drastic relief" of Heberer's request is unwarranted, representing it has been diligently pursuing foreign service in accordance with the Hague Convention after its unsuccessful attempts by mail to obtain service waivers from the named corporate defendants.

Heberer identifies no facts or authority that would confer standing on him to seek dismissal of the corporate defendants, or otherwise to defend on their behalf.  The court declines to entertain motions seeking vicarious relief and **DENIES** the Motion on that basis.

Even were the court to reach the merits of the motion, the result would be the same. The Ninth Circuit holds the Rule 4(m) (formerly Rule 4(j)) requirement that a complaint be served within 120 days after filing does not apply to service in a foreign country.  Lucas v. Natoli, 936 F.2d 432 (9th Cir. 1991) (*per curiam*).  The Lucas court distinguished two cases Heberer relies on, Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737 (2nd Cir. 1985) and Gordon v. Hunt, 116 F.R.D. 313 (S.D.N.Y. 1987).  In another case Heberer cites, the Seventh Circuit disagreed with the Ninth Circuit view that under Rule 4(m) "there is apparently no time limit for [foreign] service."  O'Rourke Bros., Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir. 2000).  Nevertheless, even the Seventh Circuit acknowledges "where service must occur in a foreign country," Rule 4(m) provides an exception to the 120-day service rule.  Nylok Corporation v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005) (reversing trial court's dismissal of plaintiff's claim for failing to serve process on foreign corporations within 120 days); *see* Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G., 160 F.R.D. 58, 59 n.1 (E.D.Pa. 1995) ("Rule 4(h)(2) directs litigants to follow Rule 4(f) when serving a corporation or association").  Even if the 120-day time limit did apply, Rule 4(m) requires the court to extend the period upon a showing of good cause.  Actually, "the majority

of circuits . . . have found that the plain language of rule 4(m) broadens the district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).

With respect to the Rule 41(b) foundation for the Motion on a theory of failure to prosecute, at this juncture the court would reject the argument for the same reasons as it rejects the Rule 4(m) arguments, even if a defendant with standing sought that relief for the corporate defendants on the basis of service delay. In addition, despite Heberer's solicitous concern in support of his reliance on Rule 41(b), the circumstances of this case do not cause the court at this time to feel "helpless when it wants to move a case along." Reply 1:24-25, *quoting* O'Rourke, 201 F.3d at 950-51. Heberer's own Answer was filed just over one month ago, and the Early Neutral Evaluation Conference is not scheduled to occur until June 25, 2007. Dkt No. 17. The court rejects Heberer's suggestion the court has "become a sanctuary for chronic procrastination and irresponsibility" in this litigation. Reply 3:12-16, *quoting* Iott v. Franklin, 206 Cal.App.3d 521, 531 (1988) (rejecting parties' "unilateral, self-created extensions of time," whereby courts could "unwittingly become instruments undermining the orderly process of the law"). Consequently, the court does not find its ability to control its docket has yet been "undermined," nor does it perceive failure to dismiss the unserved defendants immediately will "reward the indolent and the cavalier." Reply 1:25-27, *quoting* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

For all the foregoing reasons, **IT IS HEREBY ORDERED** the Motion To Dismiss Unserved Defendants is **DENIED**, without prejudice.

**IT IS SO ORDERED**.

DATED: May 30, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge